**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Linda BACHIERO, Defendant–
Appellant.**

**No. 90–50685.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 3, 1992.*

Opinion Filed May 15, 1992.

Opinion Withdrawn Aug. 4, 1992.

Filed Aug. 4, 1992.

Michael Alcala, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant Linda Bachiero.

Deirdre Z. Eliot, Asst. U.S. Atty., Santa Ana, Cal., for plaintiff-appellee U.S.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir. R. 34–4.

Before TANG, KOZINSKI and TROTT, Circuit Judges.

PER CURIAM:

We continue down the long and winding road toward uniform sentencing under the federal Sentencing Guidelines.

## I

■ Linda Bachiero robbed a bank; during the robbery, she gave the teller a not-so-friendly note: "Your money or your life, quick." She was indicted for the robbery and pled guilty. At sentencing on November 13, 1990, the district court enhanced Bachiero's offense level two levels under Guidelines section 2B3.1(b)(2)(D) for expressly threatening death. Bachiero contends that this enhancement was erroneous.

Her argument is at best facetious. Application Note 7 to section 2B3.1 provides that a threat of death may be made "in the form of an oral or written statement, act, gesture, or combination thereof." It gives as an example a written note saying "Give me the money or you are dead." Bachiero's threat is clearly covered by section 2B3.1; the district court thus correctly enhanced Bachiero's sentence.

## II

■ For purposes of calculating a defendant's criminal history, "[p]rior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2). Application Note 3 to this section states that "prior sentences are considered related if they ... (3) were consolidated for trial or sentencing." We must apply the Application Notes unless they are inconsistent with the text of the Guidelines, *see, e.g., United States v. Palmer*, 946 F.2d 97, 99 (9th Cir.1991); no such inconsistency is present in this section.

In calculating Bachiero's criminal history, the district court considered three of Bachiero's state offenses "unrelated" under section 4A1.2. For these offenses, Bachiero had been sentenced to identical concurrent sentences in the same proceeding in Los Angeles County Superior Court. Though the offenses hadn't been formally consolidated by the state courts, Bachiero nonetheless argues that they were "consolidated for sentencing" and therefore "related." [1]

■ Our recent decision in *United States v. Chapnick*, 963 F.2d 224, 228–29 (9th Cir.1992), requires that we agree with Bachiero. *Chapnick* held that the defendant's previous state offenses had been consolidated for sentencing. In *Chapnick*, just like in our case, the state courts had entered no formal consolidation order. *Id.* at 228. Also just like in our case, the *Chapnick* defendant received identical concurrent sentences from the same judge at the same hearing. *Id.*

The only possibly relevant difference between our case and *Chapnick* is that in *Chapnick* the state court handling one case had issued an order transferring the case for sentencing purposes to the state court handling the other case. Our case involves no such transfer order. But this difference is merely fortuitous: Bachiero's sentencing for all three of her prior offenses had been assigned to the same judge in the first place, so no transfer order was necessary. We must treat Bachiero as we treated Chapnick, and consider her prior offenses to have been consolidated for sentencing purposes.

## Conclusion

We VACATE Bachiero's sentence and REMAND for resentencing.

---

1. The district court did not err in concluding that Bachiero's three offenses were not part of a common scheme or plan, or that her forgery offense was not part of a common scheme or plan with the three offenses.