980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Trent Lee DAVIS, Defendant-Appellant.
 No. 92-30202.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Trent Lee Davis appeals his sentence under the United States Sentencing Guidelines, imposed following a guilty plea, for bank robbery in violation of 18 U.S.C. § 2113(a). Davis contends that the district court erred by counting two prior convictions separately pursuant to U.S.S.G. § 4A1.2 when calculating his criminal history score. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo the district court's determination that prior convictions are unrelated under section 4A1.2, while we review for clear error the underlying factual findings. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 4
 "Prior sentences imposed in related cases are to be treated as one sentence...." U.S.S.G. § 4A1.2; accord United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992). " '[P]rior sentences are considered related if they ... were consolidated for trial or sentencing.' " Bachiero, 969 F.2d at 734 (defendant's prior sentences were "related" where she was sentenced to identical terms by the same judge at a single hearing) (quoting U.S.S.G. § 4A1.2, comment. (n. 3)).
 
 
 5
 Here, sentencing occurred on April 29, 1992. The presentence report indicated that Davis had received identical concurrent sentences in the same court on the same day for both of the contested prior convictions. The district court, without the benefit of Chapnick and Bachiero, treated Davis' prior offenses as unrelated because they involved two separate and distinct crimes. We have recently rejected this reasoning. See Bachiero, 969 F.2d at 734; see also Chapnick, 963 F.2d at 228-29.
 
 
 6
 In light of our recent decisions, we consider Davis' prior offenses to have been consolidated for sentencing purposes. Accordingly, we vacate Davis' sentence and remand the case for resentencing consistent with this memorandum disposition.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Davis' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3