983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven John SQUIRES, Defendant-Appellant.
 No. 92-30270.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 30, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven John Squires appeals his sentence, imposed following a guilty plea, for possession of a destructive device in violation of 26 U.S.C. §§ 5822, 5861(c) and 5871. Squires contends that the district court erroneously calculated his criminal history score by counting two prior sentences separately pursuant to U.S.S.G. § 4A1.2. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo a district court's determination that prior offenses are unrelated under section 4A1.2, while we review for clear error the underlying factual findings. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 4
 "Prior sentences imposed in related cases are to be treated as one sentence...." U.S.S.G. § 4A1.2; accord United States v. Smith, No. 91-50029, slip op. 14241, 14253 (9th Cir. Dec. 9, 1992); United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992). "[P]rior sentences are considered related if they ... were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n. 3). We have recently held that a defendant's prior sentences were "related" where she was sentenced to identical concurrent sentences by the same judge at a single hearing. See Bachiero, 969 F.2d at 734; cf. Smith, No. 91-50029, slip op. at 14253-54 (defendant's prior sentences were "unrelated" where he was sentenced to consecutive sentences by the same judge at a single hearing).
 
 
 5
 Here, sentencing occurred on June 30, 1992. The presentence report indicated that Squires had received identical concurrent sentences in a single sentencing proceeding for both of the contested prior sentences. The district court, without the benefit of Bachiero, treated Squires' prior offenses as unrelated because they involved two separate and distinct crimes on different dates. We have recently rejected similar reasoning. See Bachiero, 969 F.2d at 734; see also Chapnick, 963 F.2d at 228-29; cf. Smith, No. 91-50029, slip op. at 14253-54.
 
 
 6
 In light of Bachiero, we consider Squires' prior offenses to have been consolidated for sentencing purposes. Accordingly, we vacate Squires' sentence and remand the case for resentencing consistent with this memorandum disposition.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3