990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angel Michael RODRIGUEZ, Defendant-Appellant.
 No. 90-30434.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1992.
Submission Vacated Sept. 25, 1992.
Resubmitted March 19, 1993.
Decided March 22, 1993.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Angel Michael Rodriguez appeals his sentence under the United States Sentencing Guidelines following a plea of guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). Rodriguez, who was previously convicted of three other felonies, contends that the district court erred in sentencing him as a "career offender." Rodriguez argues that his prior convictions were "related" under U.S.S.G. § 4A1.2(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we vacate Rodriguez's sentence and remand for resentencing.
 
 
 3
 * Under U.S.S.G. § 4B1.1, a defendant is a "career offender" if (1) he was at least eighteen years old at the time he committed the crime for which he is charged, (2) the offense for which he is charged is a felony that is either a crime of violence or a controlled substance offense, and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Prior sentences imposed in "related cases," however, "are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2). Application Note 3 of this section defines as "related cases" those which "(1) occurred on a single occasion; (2) were part of a single common scheme or plan; or (3) were consolidated for trial or sentencing."
 
 
 4
 Whether prior offenses are "related" under U.S.S.G. § 4A1.2(a)(2) is a mixed question of law and fact subject to de novo review. United States v. Davis, 922 F.2d 1385, 1388 (9th Cir.1991). The district court's findings of fact underlying a sentence are reviewed for clear error. Id.
 
 II
 
 5
 In this case, the district court held that Rodriguez's three prior felony convictions were "unrelated" despite the fact that the court recognized, and the government conceded, that the prior convictions were "consolidated for sentencing." The district court applied United States v. Gross, 897 F.2d 414, 416-17 (9th Cir.1990), in which we concluded that the fact that cases were consolidated for sentencing was not dispositive of whether they were related.
 
 
 6
 We effectively overruled Gross in United States v. Anderson, 942 F.2d 606, 613-14 & n. 5 (9th Cir.1991) (en banc). It is now established that cases "consolidated for sentencing" are "related" for purposes of U.S.S.G. § 4A1.2(a)(2). See United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992); United States v. Chapnick, 963 F.2d 224, 228-29 (9th Cir.1992). Because Gross does not control, and because Rodriguez's convictions were concededly "consolidated for sentencing" and, therefore, "related," we vacate Rodriguez's sentence and remand to the district court for resentencing. Chapnick, 963 F.2d at 229. We do note, however, that an upward departure may be warranted in this case if the district court determines that Rodriguez's criminal history category does not adequately reflect the seriousness of his past criminal conduct. See U.S.S.G. § 4A1.3.
 
 III
 
 7
 Rodriguez's sentence is VACATED and the case is REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3