995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose R. RAMIREZ, Defendant-Appellant.
 No. 92-30356.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Rene Ramirez appeals his sentence of 124 months, imposed for the second time under the United States Sentencing Guidelines (Guidelines), following his conviction by guilty plea, for conspiring to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(b)(1)(B)(ii). We remanded this case in 1992 for the district court to consider, in light of United States v. Bachiero, 969 F.2d 733 (9th Cir.1992) (per curiam), whether Ramirez' prior convictions for assault and driving while intoxicated were "related" pursuant to U.S.S.G. § 4A1.2. On remand, the district court stood by its original finding that Ramirez' prior convictions were unrelated, and resentenced him to 124 months in jail. In this, his second appeal, Ramirez renews the claim that the district court should have counted his prior convictions as one in calculating his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo a district court's determination whether two prior cases are "related" under U.S.S.G. § 4A1.2(a)(2). United States v. Davis, 922 F.2d 1385, 1388 (9th Cir.1991). The district court must treat prior convictions in related cases as one conviction. U.S.S.G. § 4A1.2(a)(2). "Cases are considered related if they ... were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n. 3). "There is no need for a formal consolidation order for cases to be 'related' under § 4A1.2." United States v. Smith, No. 91-50029, slip op. 4033, 4044 (9th Cir. April 22, 1993). We have held "related" prior convictions for which a defendant received identical concurrent sentences from the same judge at the same hearing, Bachiero, 969 F.2d at 734; United States v. Chapnick, 963 F.2d 224, 228 (9th Cir.1992), as well as those for which a defendant received consecutive sentences from the same judge at the same hearing, Smith, No. 91-50029, slip op. at 4044.
 
 
 4
 Here, the same judge sentenced Ramirez in a single proceeding for assault and for driving while intoxicated. The sentences, which were not identical, ran concurrently according to an Oregon statute which provides that "[a] sentence shall be deemed to be a concurrent term unless the court's order expressly provides for consecutive sentences." Ore.Rev.Stat. 137.123(1). In light of the state court's treatment of these cases, we conclude that they were "consolidated for sentencing," and thus, "related" for purposes of section 4A1.2. Accordingly, we vacate the sentence and remand this case to the district court for resentencing.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3