1 F.3d 1248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dominic PALAZZOLA, Defendant-Appellant.
 No. 92-50534.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided July 19, 1993.
 
 Before GIBSON,** HALL, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Dominic Palazzola appeals his 156-month sentence upon a plea of guilty to two counts of bank robbery, in violation of 18 U.S.C. Sec. 2113(a). The question before us is whether the district court erred in classifying Palazzola as a career offender under the United States Sentencing Guidelines because two earlier bank robbery convictions should have been considered part of a "common scheme or plan" and "consolidated for sentencing" under U.S.S.G. Sec. 4A1.2(a) and Application Note 3 to Sec. 4A1.2. We affirm.
 
 
 3
 This court looks to several factors to determine whether prior offenses were part of a "common scheme or plan": (1) whether the crimes were committed within a short period of time; (2) whether the crimes involved the same victim; (3) whether the defendant was arrested by the same law enforcement agency for both crimes; and (4) when the arrests occurred and whether both crimes were solved during the course of one investigation. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). The court also examines the similarities in the offenses. Id.
 
 
 4
 Palazzola contends that his two prior bank robbery convictions were part of "a common scheme or plan" because the offenses occurred within four weeks of each other, the victims were of the same "class", the FBI investigated and resolved both crimes, and because the crimes were carried out in a similar manner.
 
 
 5
 Although both crimes were committed within a short period of time, they do not constitute a "common scheme or plan". There is no indication that the two separate crimes were part of a single common scheme with a common end, and there was variation in the way the two crimes were carried out. In addition, the offenses involved completely distinct victims. Seeid. at 227 (fact that prior offenses occurred over short time period not accorded controlling weight where the offenses were otherwise dissimilar). Therefore Palazzola's two bank robbery convictions cannot be considered part of a "common scheme or plan" for purposes of determining his career offender status.
 
 
 6
 Palazzola also contends that his prior convictions were "consolidated for sentencing" because he received identical concurrent sentences for the two crimes, and because the district court treated the convictions as consolidated in an order modifying his second sentence.
 
 
 7
 We established the standard for determining whether offenses were consolidated for sentencing in Chapnick. In determining that Chapnick was not a career offender, we concluded that his two prior convictions were consolidated for sentencing despite the fact that there was no formal consolidation order. See also United States v. Bachiero, 969 F.2d 733 (9th Cir.1992). However, in both Chapnick and Bachiero, the defendant received identical concurrent sentences from the same judge in the same court at the same hearing. Chapnick, 963 F.2d at 228; Bachiero, 969 F.2d at 734. In contrast, Palazzola was sentenced for his two offenses in different district courts over a year apart. We conclude that Palazzola's two prior convictions were not consolidated for sentencing, formally or otherwise.
 
 
 8
 Furthermore, there is no clear indication that the district court which sentenced Palazzola on the second of the two prior convictions considered the cases consolidated. In Chapnick, we held that imposition of concurrent sentences alone did not suffice to designate convictions "consolidated for sentencing". 963 F.2d at 228. Therefore, the sole fact that Palazzola received concurrent sentences on his two prior convictions does not support classifying these convictions as "consolidated for sentencing" and thus related for purposes of calculating his criminal history.
 
 
 9
 Palazzola has not shown that his prior convictions were related under U.S.S.G. Sec. 4A1.2(a) either as part of a "common scheme or plan" or because they were "consolidated for sentencing." His classification as a career criminal for sentencing purposes was therefore appropriate.
 
 
 10
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge, Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3