15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 United States of America, Plaintiff-Appellee,
v.
Payton Marcelle Thomas, Defendant-Appellant.
 No. 92-30491.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Nov. 17, 1993.
 
 Before REINHARDT, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oregon prisoner Payton Thomas was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g) and sentenced to 64 months imprisonment. Thomas argues on appeal that the district court 1) improperly used an unconstitutionally obtained prior conviction in calculating his offense level and criminal history under the United States Sentencing Guidelines, and 2) improperly treated as unrelated two prior convictions in calculating his criminal history pursuant to U.S.S.G. Sec. 4A1.2(a)(2), where both cases were joined for sentencing in the same hearing. Based upon these objections, Thomas argues that his sentence properly falls within a 37 to 46 month range, and that his 65 month sentence is excessive.
 
 
 3
 We affirm the district court. Thomas' prior conviction was supported by the evidence and was thus obtained constitutionally. Thomas' prior convictions, moreover, were properly treated as unrelated. Application Note 3 to Sec. 4A1.2 provides expressly that prior sentences are not related where the defendant was arrested for the first offense prior to committing the second offense. Application Note 3 clearly applies to the facts of this case: There is no question that Thomas' 1987 robbery arrest preceded the occurrence of his 1989 assault. The two convictions were consolidated for sentencing due solely to Thomas' failure to appear for trial on the robbery charge and are not "related" under Sec. 4A1.2.
 
 
 4
 Facts and Proceedings in Thomas' Firearms Conviction
 
 
 5
 On August 19, 1992, Payton Marcell Thomas pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). The presentence report indicated that Thomas had three prior convictions--one count of third-degree robbery and two counts of assault--which resulted in an assessment of six criminal history points. The presentence report also recommended an additional three criminal history points because Thomas was on parole and had been out of custody less than two years at the time of his guilty plea on the weapons charge.
 
 
 6
 Thomas objected to the assessment of three criminal history points for his robbery conviction, arguing that this conviction had been obtained unconstitutionally and therefore could not be used to enhance his criminal history score. Thomas also argued that the district court's use of his prior conviction for robbery improperly raised his offense level.[1] Under Thomas' argument, his total offense level without the robbery conviction would have been 19 (rather than 22) and his criminal history category would have dropped from IV to III.
 
 
 7
 Thomas also objected to the separate assessment of criminal history points for his robbery and assault convictions, arguing that they were "related" pursuant to U.S.S.G. Sec. 4A1.2(a)(2). The robbery and assault incidents occurred on separate dates, but the sentences were imposed in the same hearing by the same judge and were ordered to run concurrently. Thomas argued that only three points, and not six, should have been given for the two offenses, and that his proper criminal history category was III.[2] Based upon these two objections, Thomas argued that he should have been sentenced within a guideline range of 37 to 46 months.[3]
 
 
 8
 The district court ruled that Thomas' robbery conviction was constitutional and that his assault and robbery convictions were unrelated. The court determined that the offense level was 22, the criminal history category was IV and the applicable guideline range was 57 to 71 months. The court sentenced Thomas to 65 months.
 
 
 9
 Facts and Proceedings in Thomas' Prior Convictions
 
 
 10
 Thomas was arrested in 1987 for robbing beer from a 7-Eleven store. He was released after his arraignment and failed to appear for trial. In 1989, while in fugitive status, Thomas got into a brawl at another 7-Eleven store and stabbed two people. He was arrested for the stabbings and for his failure to appear for trial on the 1987 robbery charge. Thomas was tried for the 1987 crime and convicted of third degree robbery. He pleaded guilty to the stabbings, as two separate charges of felony assault. The cases were consolidated for sentencing. Thomas received concurrent sentences.
 
 
 11
 In this appeal, Thomas asserts that his conviction on the 1987 robbery charge was obtained unconstitutionally. The evidence presented at his trial on this charge was that three men went into the 7-Eleven store, and one of them, the short one (Thomas), grabbed chips and Coors beer and attempted to leave without paying. When the clerk tried to stop him, the clerk was confronted by the three men, who used threatening and abusive language. The clerk testified that the robbers said "Get out of the way you fucking honky--What is your problem, asshole?" The clerk was hit in the head, and then pushed to the ground. The clerk testified that he believed that someone other than Thomas hit him, but that he did not actually see who hit him, or who pushed him to the ground. The clerk testified that after he was hit in the head, Thomas said to him "Fuck you" before he left the store. All three men fled with the beer.
 
 
 12
 Shortly thereafter, three men meeting the description of the robbers were found by police under an overpass near the store, drinking Coors beer. They were taken into custody and transported back to the 7-Eleven where they were identified by two store clerks.[4]
 
 
 13
 Thomas was charged with second degree robbery. To find Thomas guilty of second degree robbery, the state court had to find that Thomas threatened or used force in the theft and was aided by another person actually present. See Or.Rev.Stat. Sec. 164.405(b). Third degree robbery is a lesser offense which covers the use or threat of force, or aiding and abetting in the use of threat of force, to prevent or overcome resistance to the taking of property. See Or.Rev.Stat. Sec. 164.395(1)(a). At the conclusion of the case, the judge said,
 
 
 14
 The question is ... whether he pushed over Mr. Reed and carted out the beer or whether this was done in concert with others. There was some testimony there was a number of others that ran in there and grabbed candy also. Whatever was happening, I think they might be individually raiding the place rather than in concert. It sounds like it was a sort of field night there in the 7-Eleven. [ ...]
 
 
 15
 I am giving [Thomas] the benefit of that. He readily was drinking and sharing the loot with these two friends under the underpass. The court could view this in a lesser light than robbery two and give him that type of benefit. I am bending over backward, but I will find him guilty of robbery in the third degree.
 
 
 16
 At sentencing on the federal firearms charge that is at issue here, Thomas argued that the state court misapplied Oregon law in finding him guilty of third degree robbery. Thomas argued that the state court should have acquitted him because 1) there was no evidence that he himself used force, and 2) the state judge's statement that "Whatever was happening, I think they might be individually raiding the place rather than in concert," precluded his conviction on an aiding and abetting theory.
 
 
 17
 The district court did not interpret the state judge's statement to be a finding that Thomas and the two other beer robbers were acting separately, but rather that the gang of kids stealing the candy bars were acting separately from Thomas and the beer robbers. Thus, the district court held that the state robbery conviction was supported by the record.
 
 ANALYSIS
 
 18
 A. The constitutionality of Thomas' prior conviction.
 
 
 19
 Whether a conviction was obtained constitutionally is a question of law to be reviewed de novo. A state court conviction will be upheld on collateral review if, taking all the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 20
 Under the standard set out in Jackson, it is clear that Thomas' third degree robbery conviction was obtained constitutionally. Thomas was properly found guilty of third degree robbery if he aided or abetted someone who threatened to use force or use force in the course of committing the theft. See Or.Rev.Stat. Sec. 161.155. See also State v. Moriarty, 742 P.2d 704, 706, 87 Or. 547 (1987) ("[T]he least degree of concert or collusion between parties to an illegal transaction makes the act of one of them the act of all.") (citation omitted). The evidence that Thomas aided and abetted in the robbery is strong: First, Thomas personally participated in the use of threatening language to intimidate the clerk. Then, Thomas carried out the stolen goods while his friends struck the 7-Eleven clerk and pushed him to the ground. Later, Thomas and his friends were all caught sharing the beer they had stolen. This evidence is more than sufficient for any rational trier of fact to convict Thomas of third degree robbery on an aiding and abetting theory.
 
 
 21
 Nonetheless, Thomas argues that his conviction could not rationally have been supported on an aiding and abetting theory because the state judge's assertion that "there was some testimony there was a number of others that ran in there and grabbed candy also ... [w]hatever was happening, I think they might be individually raiding the place rather than in concert," represented a "finding" that Thomas and the other beer robbers were not acting in concert. Without concert of action between Thomas and the other two beer robbers, Thomas argues, he could not have been guilty of third degree robbery on the basis of aiding and abetting. Moreover, because there was no evidence that Thomas himself used force against the clerk the court could not have held that Thomas, acting alone, was guilty of third degree robbery.
 
 
 22
 This argument is incorrect. First, as the district court found, the state judge's statement that "Whatever was going on, I think they might be individually raiding the place rather than in concert" probably refers not to Thomas and his fellow beer robbers, but to the group of young boys who came in at about the same time to steal candy. The import of the state judge's comment become somewhat more clear when viewed in the context of another, earlier statement made in denying Thomas' motion to dismiss after the close of the state's case:
 
 
 23
 I think you [Thomas] have a circumstantial evidence problem here. I think a prima facie case has been made out. You have them at the night in question ... you have beer and chips taken and candy and they had--the three fellows running out, including one of them being this defendant, and shortly thereafter, the same product, Coors beer, they were drinking that product and one of them was the one carrying out the beer. Mr. Reed was struck and knocked down and ... I presume someone struck him down and in concert with this defendant and three parties were later found out there.
 
 
 24
 Even when construed together these statements are less than pellucid. Nonetheless, Thomas' argument that they amount to a "finding" that he was not acting in concert with the other beer robbers strains credulity. The statements are too ambiguous to be deemed a "finding" at all. They certainly do not amount to a binding state judgment that Thomas acted separately from the other beer robbers. Taking the statements as a whole, it is likely that the state judge believed that Thomas and the two other beer robbers were acting in concert, but that the beer robbers and the candy robbers were not. This is the reading the district court found best, and we will not disturb the district court's determination, especially given the narrow standard of review applicable here.
 
 
 25
 B. Thomas' claim that his prior sentences are "related".
 
 
 26
 Application of the Sentencing Guidelines is a mixed question of law and fact, and is reviewed de novo. Factual conclusions underlying the application of the Sentencing Guidelines are reviewed for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 27
 The commentary to the sentencing guideline applicable to this case states that sentences are not related if they are separated by an intervening arrest; i.e., if the defendant is arrested for the first offense before he commits the second offense, even if the cases are consolidated for trial or sentencing. See U.S.S.G. Sec. 4A1.2, Commentary, Application Note 3. Courts are required to consider the commentary in construing the guidelines. United States v. Anderson, 942 F.2d 606 (9th Cir.1991); United States v. Jackson, 786 F.2d 312 (9th Cir.1993) (failure to follow commentary could constitute incorrect application of guidelines).[5]
 
 
 28
 Thomas' robbery and assault convictions were clearly separated by an intervening arrest: There is no question that Thomas was arrested for the first offense (robbery) before he committed the second (assault). Other than the consolidation for sentencing, moreover, Thomas' prior convictions have nothing in common. The crimes occurred several years apart, one was a robbery and the other an assault, the crimes were charged in separate years, and the cases were handled separately until sentencing (one was tried and the other was a guilty plea). Thus, Thomas' prior convictions are not related under Sec. 4A1.2, and were properly counted in his criminal history score.[6]
 
 
 29
 We AFFIRM Thomas' sentence.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 See U.S.S.G. Sec. 2K1.2 (establishes offense level of 22 for crime of Felon in Possession of a Firearm where defendant has prior violent felony conviction). The court granted Thomas a three-point reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1, and enhanced his offense level by three points for the prior robbery conviction, yielding a offense level of 22
 
 
 [2]
 Thomas now admits, however, that treating his prior convictions as "related" would not have affected his criminal history category, which would have remained at IV pursuant to U.S.S.G. Sec. 4A1.1(f) (section adds one point for a conviction of a crime of violence that did not otherwise receive points because it was related to another conviction)
 
 
 [3]
 Now that he has conceded that his criminal history category should remain at IV, Thomas argues that the case should still be remanded for resentencing because the district court judge might have sentenced Thomas in the lower end, rather than the middle, of the guideline range
 
 
 [4]
 The 7-Eleven clerks could not identify Thomas at trial, which occurred more than two years later after the fugitive Thomas was arrested on the assault charges
 
 
 [5]
 Thomas complains the guideline commentary impermissibly overrides other decisions in this court interpreting the "related cases" language in Sec. 4A1.2. Nothing in the cases cited by Thomas is inconsistent with the "intervening arrest" commentary, as the facts of those cases did not involve intervening arrests. See United States v. Bachiero, 969 F.2d 733 (9th Cir.1992); United States v. Chapnick, 963 F.2d 224 (9th Cir.1992); United States v. Hummasti, 786 F.2d 337 (9th Cir.1993)
 
 
 [6]
 As the district court noted, even if the prior convictions were related, Thomas would still be in criminal history category IV with seven criminal history points instead of nine. [ER 107]. This is because U.S.S.G. Sec. 4A1.1(f) adds one criminal history point for a conviction of a crime of violence that did not otherwise receive points because it was related to another conviction. Thus, even if Thomas' prior convictions were related, his criminal history category is correct