29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James S. SIMON, III, Defendant-Appellant.
 No. 94-50101.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1994.
Decided July 20, 1994.
 
 1
 Before: POOLE and REINHARDT, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 James S. Simon, III appeals his sentence under the Sentencing Guidelines for his guilty plea conviction to bank fraud in violation of 18 U.S.C. Secs. 2 & 1344. Simon challenges the district court's two level increase to the offense level for more than minimal planning, the district court's reduction for mitigating role by two instead of three levels, and the district court's order of $10,000 restitution. We affirm.
 
 
 4
 The parties are well aware of the facts so we do not repeat them here.
 
 DISCUSSION
 A. Standard of Review
 
 5
 We review a district court's construction and interpretation of the Sentencing Guidelines de novo, and its factual findings for clear error. United States v. Gavilan, 966 F.2d 530, 531 (9th Cir.1992).
 
 
 6
 "Although we review for abuse of discretion an order for restitution which is within the statutory limits of the VWPA [Victim Witness Protection Act], factual findings underlying the order of restitution are reviewed for clear error." United States v. Sanga, 967 F.2d 1332, 1336 (9th Cir.1992).
 
 B. Minimal Planning
 
 7
 Simon contends that the district court erred in imposing a two-point upward adjustment for more than minimal planning, pursuant to Sentencing Guidelines section 2F1.1(2). He analogizes his alteration of the credit limit and the misapplication of a $1,703.04 payment to an example provided in the Sentencing Guidelines Application Notes which define more than minimal planning. U.S.S.G. Sec. 1B1.1, comment. (n. 1(f)). The Application Notes state that "[i]n an embezzlement, a single taking accomplished by a false book entry would constitute only minimal planning." Id.
 
 
 8
 We must apply the Application Notes unless the are inconsistent with the text of the Sentencing Guidelines. United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992). In addition to the example cited by Simon, the Application Notes state that " '[m]ore than minimal planning' ... exists if significant affirmative steps were taken to conceal the offense...." U.S.S.G. Sec. 1B1.1, comment. (n. 1(f)). Simon took affirmative steps to conceal the offense. At the time he falsified the credit limit, Simon concealed his falsification, either by destroying the required paperwork, or by failing to create such paperwork in the first instance. Simon's misapplication of a valid $1,703.04 payment to the fraudulent account also concealed the original offense.
 
 
 9
 The Application Notes also state that " '[m]ore than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." Id. Simon was involved in repeated acts over a period of time. Bradley approached Simon "several times" about his scheme months before the overt acts took place. The alteration of the credit limit and the later misapplication of the $1,703.04 payment by themselves are repeated acts over a period of time which are more than purely opportune. And they are not the only acts. Between October 1991 and August 1992 telephone records show 92 calls from Simon to Bradley from work. Although not all calls may have been related to the fraud, Simon admits that some of them were. Simon also telephoned Waters from work. Simon also received payment from his codefendants.
 
 
 10
 The district court did not err in imposing a two-point upward adjustment for more than minimal planning because Simon took affirmative steps to conceal the offense and was involved in repeated acts over a period of time.
 
 C. Defendant's Role
 
 11
 Simon contends that the district court erred when it decreased his offense level by two points rather than three points. The Sentencing Guidelines permit a judge to reduce a defendant's offense level according to the following standard:
 
 
 12
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 
 
 13
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 
 
 14
 In cases falling between (a) and (b), decrease by 3 levels.
 
 
 15
 U.S.S.G. Sec. 3B1.2. Here the district court decided that Simon was a minor, rather than a minimal participant, and that his role did not merit more than a two point reduction.
 
 
 16
 The determination of whether a mitigating role adjustment applies is primarily a question of fact which we review for clear error. United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990). Defendant has the burden of proving by a preponderance of the evidence that he is entitled to a downward adjustment based on his or her role in the offense. United States v. Davis, 15 F.3d 902, 914 (9th Cir.1994).
 
 
 17
 Simon's role included dozens of telephone conversations with the codefendants, increasing the credit limit on the fraudulently obtained credit card, concealing the falsification, receiving thousands of dollars from the codefendants, and misapplying someone else's incoming payment to the fraudulently manipulated account. Simon's role was integral. Without Simon's participation defendants could have stolen, at most, $500. Simon's participation increased the magnitude of the fraud one hundred times.
 
 
 18
 Simon has not overcome his burden of proving that his role in the offense justified a decrease of more than two points. Although the prosecution had recommended decreasing his offense level by three points, the probation officer recommended no decrease in Simon's offense level for mitigating role. The district court did not clearly err when it reduced Simon's offense level by two, rather than three levels.
 
 D. Restitution
 
 19
 Simon contends that the district court erred in imposing restitution because his income had substantially diminished since the issuance of the presentence report. Although the district court did not entertain oral argument on this specific point, the record indicates that prior to sentencing Judge Byrne had considered both the presentence report and the subsequent materials submitted by Simon. Those materials indicate that Simon has a high school diploma and had taken some college courses, that he has no dependents, that he has been consistently employed since 1983, and that he has held at least two managerial positions. Although at the time of sentencing he had taken a cut in his previous salary, Simon was employed at a restaurant.
 
 
 20
 "VWPA [Victim Witness protection Act] does not prohibit a sentencing court from imposing a restitutionary sentence on a defendant who is indigent at the time of sentencing." United States v. Bachsian, 4 F.3d 796, 800 (9th Cir.1993), cert. denied, 114 S.Ct. 901 (1994) (quoting United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993) and United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.), cert. denied, 479 U.S. 963 (1986)). Although current financial status may be one factor to consider when ordering restitution, the district court properly considered the defendant's future ability to pay based on previous employment history, education, number or dependents, etc. Id. at 800 & n. 4. The district court did not clearly err when it determined that Simon's education and past employment indicated an ability to pay the reduced restitution of $10,000. If despite his good faith efforts Simon is unable to pay restitution, then he may later seek a remittitur. United States v. Smith, 944 F.2d 618, 624 (9th Cir.1991).
 
 
 21
 For the foregoing reasons we AFFIRM the district court's sentence.
 
 
 
 *
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3