UNITED STATES of America, Plaintiff–Appellee,

v.

Johnnie THOMAS, Defendant–Appellant.

No. 05–50948.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2007.

Filed Jan. 22, 2007.

Becky S. Walker, Esq., Carole C. Peterson, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Adam Axelrad, Law Offices, Los Angeles, CA, for Defendant–Appellant.

Before: KLEINFELD, GOULD, and SMITH, Circuit Judges.

## MEMORANDUM *

Johnnie Thomas appeals the 96–month sentence imposed by the district court for distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(iii). As the parties are familiar with the facts of this case, we do not separately recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I.

Thomas argues that the district court incorrectly sentenced him as a career offender under U.S.S.G. § 4B1.1. Specifically, Thomas asserts that the district court erred in (1) refusing to treat his two prior robbery convictions as related under U.S.S.G. § 4A1.2 and (2) classifying one of

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his prior robbery convictions as a "crime of violence." We disagree.

We review de novo the district court's determination that a defendant qualifies as a career offender under U.S.S.G. § 4B1.1. *United States v. Kelly*, 422 F.3d 889, 891–92 (9th Cir.2005). However, we review "with due deference a district court's determination that two crimes were not related or consolidated for sentencing." *United States v. Asberry*, 394 F.3d 712, 718 n. 8 (9th Cir.2005). We also review de novo a district court's determination that a prior conviction is a "crime of violence" under U.S.S.G. §§ 4B1.1(a) and 4B1.2. *Id.* at 715.

### A.

■ Under Comment Note 3 to U.S.S.G. § 4A1.2, prior sentences are "related" for sentencing purposes if they "were consolidated for trial or sentencing." U.S.S.G. § 4A1.2 cmt. n. 3. In order to determine whether prior convictions were "consolidated for trial or sentencing," the district court must consider "whether sentencing occurred 1) on the same day, 2) in the same court, 3) for the same or similar offenses, 4) pursuant to a single plea agreement, 5) under the same docket number, 6) after a formal consolidation order, and 7) under circumstances that resulted in concurrent sentences." *Asberry*, 394 F.3d at 719. The district court properly applied these factors to Thomas's two prior robbery convictions. Although Thomas was sentenced on the same day before the same court for two robberies committed one month apart, there was no evidence

that this was pursuant to a plea agreement, each robbery was given a separate docket number, there was no formal consolidation order, and Thomas received different sentences for each conviction. Thus, the district court did not abuse its discretion in applying the *Asberry* factors to find that Thomas's prior convictions were not "related." [1]

Thomas contends that our decisions in *United States v. Chapnick*, 963 F.2d 224 (9th Cir.1992) and *United States v. Bachiero*, 969 F.2d 733 (9th Cir.1992), require us to find that his prior convictions were consolidated for sentencing. We reach a different conclusion. Thomas, unlike the defendants in *Chapnick* and *Bachiero*, did not receive identical sentences for his two prior robbery convictions. Because the two robberies were committed one month apart and Thomas did not receive identical sentences for both convictions, we conclude that the district court did not err in concluding that these two offenses were not consolidated for sentencing within the meaning of Comment Note 3 of the U.S.S.G. § 4A1.2 and therefore were unrelated.[2]

### B.

■ Thomas also argues that one of his prior robbery convictions should not have been considered a "crime of violence" because the state court expressly stated that it "was not a violent felony pursuant to 667.5(c) [California] P[enal] C[ode]." The state court's finding has no impact on the district court's determination that his rob-

1. We decline to address whether the *Asberry* factors should be applied to "crimes of violence" per Comment Note 3 to U.S.S.G. §§ 4A1.2 and 4A1.1(f).

2. *Chapnick* and *Bachiero* do not control our disposition for another reason as well. These cases were decided under a de novo standard

of review, *see United States v. Chapnick*, 963 F.2d 224, 225 (9th Cir.1992), before the Supreme Court required us to review the district court's relatedness determination more deferentially, *see Buford v. United States*, 532 U.S. 59, 64–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001).

bery conviction qualified as a "crime of violence." We have concluded that robbery, under California law, is by definition a "crime of violence" and meets the requirements of U.S.S.G. § 4B1.2. *See United States v. McDougherty*, 920 F.2d 569, 573–74 (9th Cir.1990). Thus, the district court properly determined that Thomas's prior robbery conviction was a "crime of violence."

Thomas was properly sentenced as a career offender under U.S.S.G. § 4B1.1.

## II.

■ We do not have jurisdiction to consider Thomas's claim that the 96–month term imposed on him was unreasonable. As part of his plea agreement, Thomas reserved the right to appeal the district court's calculation of his criminal history score, but expressly waived the right to appeal all other aspects of his sentence. We reject Thomas's claim that his waiver is unenforceable because the district court informed him of his right to appeal. Our decision in *United States v. Buchanan*, 59 F.3d 914 (9th Cir.1995) is readily distinguishable from this case. In *Buchanan*, we held that the defendant's plea agreement waiver of his right to appeal his sentence was unenforceable because the prosecution failed to object when the district court incorrectly advised the defendant that he had the right to appeal. *Buchanan*, 59 F.3d at 917–18. Here, when the district court erroneously advised Thomas that he had the right to appeal his sentence, the government objected and directed the district court's attention to Thomas's plea agreement waiver. The district court then made it clear that Thomas's right to appeal was limited to the issue of the district court's calculation of his criminal history score. Given the government's objection and the district court's clarifying statements, the reasoning applied in *Buchanan* is not applicable and there is no reasonable basis for Thomas to be confused about his right to appeal.

In conclusion, because Thomas's waiver of his right to appeal his sentence is enforceable, the panel must dismiss Thomas's claim that his 96–month sentence was unreasonable. *See United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994).

## III.

For all of the aforementioned reasons, we affirm the sentence.

AFFIRMED.