**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**John M. HUMMASTI, Defendant–**
**Appellant.**

**No. 91–30457.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 7, 1993 *.

Decided Feb. 24, 1993.

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a) .

John P. Daugirda, Roost & Daugirda, Eugene, OR, for defendant-appellant.

Claire M. Fay, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.

D.W. NELSON, Circuit Judge:

John M. Hummasti appeals his conviction and sentence for attempted bank robbery, in violation of 18 U.S.C. § 2113(a), claiming that the evidence was insufficient and that the district court erroneously (1) counted two prior convictions separately when they had been consolidated for sentencing, and (2) denied a reduction for acceptance of responsibility.[1] *See United States v. Hummasti*, 779 F.Supp. 1285 (D.Or.1991). We AFFIRM the conviction, but VACATE the sentence and REMAND for resentencing.

## BACKGROUND

On October 31, 1990, Hummasti and a friend stole a car and drove to Portland, Oregon to rob a bank. Hummasti entered the U.S. National Bank and handed the teller a note which read, "This is a robbery, give me your money." The frightened teller told Hummasti that her money was at the drive-in window, and asked Hummasti what he wanted her to do. Hummasti demanded money three or four more times. The teller was hesitant to move because she thought Hummasti might have a gun.

After his fourth unsuccessful demand for money, Hummasti ran out of the bank.

## DISCUSSION

### I. *Sufficiency of the Evidence*

Hummasti argues that the district court erred in denying his motions for acquittal because there was insufficient evidence of (1) specific intent to use force, violence or intimidation, and (2) conduct which constitutes a substantial step toward commission of the robbery. In reviewing the sufficiency of the evidence, the appellate court "inquire[s] whether, viewing the evidence in the light most favorable to prosecution and to the verdicts, any rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *United States v. Buffington*, 815 F.2d 1292, 1301 (9th Cir.1987) (citations and internal quotations omitted).

We conclude that the jury could have found the essential elements of attempted bank robbery to have been proved beyond a reasonable doubt. The threat implicit in Hummasti's written and verbal demands for money, together with the testimony of the teller that she was frightened, are sufficient to support the jury's verdict that Hummasti intended to rob the bank by intimidation. *See United States v. Lucas*, 963 F.2d 243, 248 (9th Cir.1992); *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir.), *cert. denied*, 464 U.S. 963, 104 S.Ct. 399, 78 L.Ed.2d 341 (1983).

In addition, Hummasti's conduct plainly constituted a "substantial step" toward commission of the robbery. Indeed, Hummasti completed *every* step necessary on his part to rob the bank; it remained only for the teller to hand over the money. Accordingly, the verdict is supported by sufficient evidence.

### II. *Calculation of Criminal History*

We agree that the district court erred in treating Hummasti's two prior con-

---

1. Hummasti was granted leave to file a pro se supplemental brief which raised several grounds of error in addition to those raised by his appointed counsel. We have carefully considered the arguments and authorities presented by Hummasti, and conclude that none of Hummasti's pro se claims have merit.

victions as unrelated and in sentencing Hummasti as a career offender under the Guidelines. The question of whether two prior offenses are related under U.S.S.G. § 4A1.2 is a mixed question of law and fact which is reviewed *de novo;* however, findings of fact which underlie the sentence are reviewed for clear error. *United States v. Chapnick,* 963 F.2d 224, 226 (9th Cir.1992).

▮ In computing a defendant's criminal history, "[p]rior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence...." United States Sentencing Commission, *Guidelines Manual,* § 4A1.2(a)(2) (Nov. 1989). "Related cases" include cases which were "consolidated for trial or sentencing." *Id.,* comment. (n. 3).

Hummasti had two prior armed robbery convictions. The first offense occurred on May 25, 1985; the second occurred on the following day. Hummasti was arrested on June 3, 1985. Two separate cases were filed in the Washington County Circuit Court for the robberies. On July 22, 1985, Hummasti was sentenced in each case to 15 years, the sentences to run concurrently.

Subsequent to the district court's decision, this court recognized that cases may be consolidated for sentencing within the meaning of Application Note 3 to U.S.S.G. § 4A1.2, even though no formal consolidation order was entered. *United States v. Bachiero,* 969 F.2d 733, 734 (9th Cir.1992); *Chapnick,* 963 F.2d at 228. *Bachiero* and *Chapnick* are controlling here. As in *Bachiero,* Hummasti was sentenced in separate cases with different case numbers by the same court in one proceeding, and received identical concurrent sentences. Hummasti's cases were consolidated for sentencing for purposes of U.S.S.G. § 4A1.2, even though no formal consolidation order was entered, and should be counted as one conviction.

III. *Acceptance of Responsibility*

▮ Finally, Hummasti argues that because he conceded that he attempted to rob the bank, he was entitled to a reduction in his offense level for acceptance of re-

sponsibility pursuant to U.S.S.G. § 3E1.1. At the very least, he posits, the case should be remanded for a statement of reasons by the district court on this issue. "Whether a defendant has accepted responsibility for a crime is a question of fact which the court reviews for clear error. The district court's determination will not be disturbed 'unless it is *without foundation.'*" *United States v. Fine,* 946 F.2d 650, 652 (9th Cir.1991) (citation omitted) (emphasis in original), *rev'd on other grounds,* 975 F.2d 596, 598 n. 1 (9th Cir.1992) (en banc).

Since there were no facts in dispute, the district court satisfied its responsibility to make findings by adopting the recommendations in the Presentence Report. *United States v. Marquardt,* 949 F.2d 283, 285 (9th Cir.1991). The record contains adequate foundation for the denial of a § 3E1.1 reduction. There is no suggestion that Hummasti expressed remorse or contrition. *See United States v. Daly,* 974 F.2d 1215, 1218 (9th Cir.1992).

### CONCLUSION

The conviction is AFFIRMED. The sentence imposed by the district court is VACATED and the case is REMANDED for resentencing.