1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Samuel HUFFHINES, Defendant-Appellant.
 No. 92-50705.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 1
 Before BROWNING, TANG and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 A jury convicted Richard Samuel Huffhines of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Huffhines appealed his conviction and sentence. We affirmed his conviction but vacated his sentence and remanded for resentencing on the grounds that the district court erred in considering this crime to be a crime of violence and in sentencing Huffhines as a career offender under section 4B1.1 of the sentencing guidelines. United States v. Huffhines, 967 F.2d 314 (9th Cir.1992).
 
 
 4
 On remand the district court sentenced Huffhines to thirty three months in prison to be followed by three years of supervised release.[1] Huffhines appeals his sentence on the ground that the district court erred in calculating his criminal history by failing to treat two sets of prior convictions as "related cases." We vacate his sentence and remand for resentencing.
 
 
 5
 * The question of whether two prior offenses are related under Sec. 4A1.2 is a mixed question of law and fact subject to de novo review by this court. Any findings that underlie the district court's sentencing decision are reviewed for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 6
 For purposes of calculating a defendant's criminal history, "[p]rior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. Sec. 4A1.2(a)(2). Application Note 3 to this section states that "prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." We must apply the Application Notes unless they are inconsistent with the text of the Guidelines. See, e.g., United States v. Palmer, 946 F.2d 97, 99 (9th Cir.1991). No such inconsistency is present in this section. United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992).
 
 
 7
 There is no need for a formal consolidation order for cases to be "related" under Sec. 4A1.2. United States v. Smith, 991 F.2d 1468, 1473 (9th Cir.1993). In Bachiero we held that two convictions were "related" where the cases were sentenced by the same judge in the same proceeding and identical concurrent sentences were imposed. Bachiero, 969 F.2d at 734. Similarly, in United States v. Hummasti, 986 F.2d 337, 339 (9th Cir.), cert. denied, 61 U.S.L.W. 3835 (U.S.1993) we held that two convictions were "related" where the cases were sentenced by the same judge in the same proceeding and identical concurrent sentences were imposed, although the cases retained separate case numbers. Finally, in Smith we held that two prior convictions were "related" where the defendant received consecutive sentences from the same judge at the same hearing. Smith, 991 F.2d at 1473.
 
 II
 
 8
 In sentencing Huffhines, the district court found that he had a base offense level of nine and a criminal history category of VI (based on the court's calculation of 19 criminal history points), for which his sentencing range was twenty one to twenty seven months. The district court granted an upward departure to thirty three months on the grounds that this was Huffhines's second conviction involving the unlawful possession of a firearm; that several of Huffhines' prior convictions were committed while he was under court supervision; and that his criminal history category did not adequately reflect the seriousness of his criminal history.
 
 
 9
 In calculating Huffhines's criminal history category, the district court imposed three points for each of two prior convictions in Texas and three points for each of two prior convictions in Missouri for a total of twelve criminal history points. Huffhines argues that both the Texas cases and Missouri cases were "related" under section 4A1.2 and that only six total criminal history points should have been imposed.
 
 
 10
 Huffhines's prior Texas convictions included:
 
 
 11
 1) Unauthorized Use of a Motor Vehicle (# F78-6427-IM) April 26, 1976 offense committed April 23, 1981--2 yr. sentence imposed
 
 
 12
 2) Unauthorized Use of a Motor Vehicle (# F78-6428-IM) October 29, 1976 offense committed April 23, 1981--2 yr. sentence imposed
 
 
 13
 3) Possession of a Silencer (# F77-1387-M) October 29, 1976 offense committed July 27, 1981--2 to 10 year sentence imposed
 
 
 14
 Conviction # 2 and conviction # 3 are "related" under section 4A1.2(a)(2) because the occurred on a single occasion. Conviction # 1 and conviction # 2 are also "related" because they were "consolidated" for sentencing in that identical sentences were imposed by the same judge on the same day in the same proceeding. See e.g., Smith, 991 F.2d at 1473. However, conviction # 1 and conviction # 3 were not "related" under section 4A1.2(a)(2). They were committed at different times, did not involve a common scheme or plan and were not consolidated for sentencing. Therefore, the district court did not err in considering these cases separately and assigning six total criminal history points for the prior sentences.
 
 
 15
 Huffhines's prior Missouri convictions included:
 
 
 16
 1) Receiving Stolen Prop. & Altering VIN Numbers (# C1-085-13FX) January 24, 1985 offenses committed April 9, 1986--6 year sentence imposed on each of 5 counts
 
 
 17
 2) Escape from Custody (# CR 1086-87FX) (while in pre-trial custody for above offenses) April 3, 1986 offense committed April 9, 1986--2 year sentence imposed
 
 
 18
 The sentencing orders in these cases show that the sentences were imposed by the same court on the same day and they are both signed by the same circuit clerk. The sentencing orders do not specify whether these sentences were imposed by the same judge in the same proceeding. If the sentences were imposed by the same judge in the same proceeding, they were "consolidated for sentencing" and only three criminal history points should have been assigned for them. See e.g., Smith, 991 F.2d at 1473; Hummasti, 986 F.2d at 339; Bachiero, 969 F.2d at 734. Since the district court departed upward based in part on its potentially erroneous calculation of Huffhines's criminal history points, we vacate the sentence and remand for resentencing. Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (a sentence will be vacated on appeal if the challenged information is false or unreliable and demonstrably made the basis for the sentence).
 
 
 19
 SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Huffhines has completed the term of imprisonment imposed in this case. However, as his sentence also included a three-year term of supervised release, the case is not moot. United States v. Lira-Barraza, 941 F.2d 745, 746 n. 1 (9th Cir.1991) (en banc)