5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Blake BAIRD, Defendant-Appellant.
 No. 92-30377.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 20, 1993.
 
 Appeal from the United States District Court for the District of Oregon; D.C. No. CR-92-98-REJ; Robert E. Jones, District Judge, Presiding.
 D.Or.
 VACATED AND REMANDED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian Blake Baird appeals his sentence imposed following entry of his guilty plea to possession of stolen mail in violation of 18 U.S.C. Sec. 1708. Baird contends that the district court erred by counting two prior convictions separately when calculating his criminal history score. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 We review de novo whether two prior offenses are related under U.S.S.G. Sec. 4A1.2. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 4
 The district court must treat prior convictions in related cases as one conviction. U.S.S.G. Sec. 4A1.2(a)(2). "Cases are considered related if they ... were consolidated for trial or sentencing." U.S.S.G. Sec. 4A1.2, comment. (n. 3). We have recently held that convictions are effectively consolidated, and therefore "related," in cases where the defendant received consecutive sentences from the same judge at the same proceeding, United States v. Smith, 991 F.2d 1468, 1469-73 (9th Cir.1993), just as in the case of defendants receiving concurrent sentences from the same judge at the same proceeding, United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992) (per curiam); Chapnick, 963 F.2d at 228. "There is no need for a formal consolidation order for cases to be 'related' under section 4A1.2." Smith, 991 F.2d at 1473. In addition, cases may be treated as consolidated even though they have different docket numbers. United States v. Hummasti, 986 F.2d 337, 339 (9th Cir.), cert. denied, 113 S.Ct. 2984 (1993).
 
 
 5
 Here, the presentence report indicated that the same judge sentenced Baird in a single proceeding to a consecutive sentence of one year's imprisonment and five years' probation for theft and forgery. Subsequently, the probation in both cases was revoked, and Baird was sentenced consecutively to five years' imprisonment, again before the same judge in a single proceeding.
 
 
 6
 Because Baird was sentenced by the same judge in a single proceeding for the theft and forgery convictions, we conclude that these prior offenses were "consolidated for sentencing," and thus, "related" for purposes of section 4A1.2. See Smith, 991 F.2d at 1473. Accordingly, we vacate the sentence and remand this case for resentencing consistent with this memorandum disposition.[1]
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that the November 1, 1991 Amendment to Application Note 3 to U.S.S.G. Sec. 4A1.2, which came into effect after Baird's current offense, alters pre-existing law and "carries no weight in construing the 1990 version of Sec. 4A1.2(a)(2)." See United States v. Bishop, No. 92-10413, slip op. 8199, 8204 (9th Cir. Aug. 3, 1993)