12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
TROY CORTEZ DEMBY, Defendant-Appellant.
 No. 93-30137.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 30, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Troy Cortez Demby appeals his 21-month sentence, following entry of a guilty plea to making a false statement in the acquisition of a firearm in violation of 18 U.S.C. Sec. 922(a)(6). Demby contends the district court erred by treating two of Demby's prior convictions as unrelated for purposes of calculating his criminal history score. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 We review de novo whether two prior offenses are related under U.S.S.G. Sec. 4A1.2. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 4
 The district court must treat prior convictions in related cases as one conviction. U.S.S.G. Sec. 4A1.2(a)(2). "Cases are considered related if they ... were consolidated for trial or sentencing." U.S.S.G. Sec. 4A1.2, comment. (n. 3). We have recently held that convictions are effectively consolidated, and therefore "related," in cases where the defendant received consecutive sentences from the same judge at the same proceeding, United States v. Smith, 991 F.2d 1468, 1469-73 (9th Cir.1993), just as in the case of defendants receiving concurrent sentences from the same judge at the same proceeding, United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992) (per curiam); Chapnick, 963 F.2d at 228. "There is no need for a formal consolidation order for cases to be 'related' under section 4A1.2." Smith, 991 F.2d at 1473. In addition, cases may be treated as consolidated even though they have different docket numbers. United States v. Hummasti, 986 F.2d 337, 339 (9th Cir.), cert. denied, 113 S.Ct. 2984 (1993).
 
 
 5
 In 1991, the Sentencing Commission amended Application Note 3 to U.S.S.G. Sec. 4A1.2, so that it stated that cases were not related if they were separated by an intervening arrest. We have held that this amendment does not merely clarify pre-existing law, and thus carries no weight in construing previous versions of the Guidelines. United States v. Bishop, 1 F.3d 910, 912 (9th Cir.1993).
 
 
 6
 Here, the presentence report indicated that the same judge sentenced Demby in a single proceeding to concurrent sentences. The court sentenced Demby to one day jail, in-patient drug treatment, two years probation, and fined him $280 for his malicious mischief conviction. Demby received a concurrent sentence of 28 days jail with two years probation for his aggravated assault conviction.
 
 
 7
 Because Demby was sentenced to concurrent sentences by the same judge in a single proceeding for the malicious mischief and aggravated assault convictions, we conclude that these prior offenses were "consolidated for sentencing," and thus, "related" for purposes of section 4A1.2. See Hummasti, 986 F.2d at 339. Moreover, because Demby was sentenced under the 1989 Guidelines, the district court erred by finding the prior convictions were unrelated because they were separated by an intervening arrest. See Bishop, 1 F.3d at 912.
 
 
 8
 Accordingly, we vacate the sentence and remand for resentencing consistent with this memorandum disposition.
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3