15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Gregory GRIMES, Defendant-Appellant.
 No. 92-10529.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1994.
Decided Jan. 25, 1994.
 
 Before: CHOY, SCHROEDER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Grimes appeals his conviction for bank robbery, asserting error in one count of the underlying conviction and in the sentence imposed upon him.
 
 
 3
 This court has jurisdiction under 28 U.S.C. Sec. 1291, and we now affirm.
 
 
 4
 * According to Grimes, the combined effect of his note ("Fifties and hundreds") and his demand ("Give me all your cash") did not satisfy the statutory requirement of intimidation. 18 U.S.C. Sec. 2113(a). Evidence is sufficient for conviction if " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 5
 This court has refused to overturn a conviction under 18 U.S.C. Sec. 2113 in virtually identical circumstances. United States v. Hopkins, 703 F.2d 1102, 1103 (9th Cir.), cert. denied, 464 U.S. 963 (1983). The standard for intimidation under the statute is an objective one. Id. Here, bank teller Angulo testified that she was afraid. Numerous cases have held that a demand note that succeeds in frightening a bank employee--even a note unaccompanied by verbal or physical threats--may support a conviction for bank robbery by intimidation. See United States v. Hummasti, 986 F.2d 337, 338 (9th Cir.), cert. denied, 113 S.Ct. 2984 (1993); United States v. Lucas, 963 F.2d 243, 248 (9th Cir.1992); United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991). The jury could reasonably have found that Grimes robbed the Coast Federal Bank by intimidation.
 
 II
 
 6
 Grimes argues that the district court should not have used a 1981 bank robbery conviction in sentencing him as a "career offender" under U.S.S.G. Sec. 4B1.1. As the government points out, two district courts have now held that Grimes was properly denied a writ of habeas corpus in connection with the 1981 conviction. Guideline provisions concerning "reversed or vacated" convictions are therefore inapplicable. U.S.S.G. Sec. 4A1.2, comment. (n. 6); id. at Sec. 4B1.2, comment. (n. 4). This court has held that "a defendant who is being sentenced under the Guidelines may mount constitutional attacks upon prior convictions which would otherwise be used to increase the punishment imposed upon him." United States v. Vea-Gonzalez, 999 F.2d 1326, 1334 (9th Cir.1993). But Vea-Gonzalez does not help Grimes, for Grimes did challenge his prior conviction at sentencing and lost. The cases Grimes cites do not support his contention that the district court should have made "factual findings" at sentencing. The district court did not err in sentencing Grimes as a "career offender."
 
 III
 
 7
 Grimes challenges a writ of continuing garnishment issued pursuant to the district court's order of restitution. The writ of garnishment was not, strictly speaking, "provisional" because judgment had already been entered against Grimes at the time the government applied for the writ. This court therefore has jurisdiction over Grimes's appeal.
 
 
 8
 * Grimes argues that he received no demand for payment 30 days prior to issuance of the writ. 28 U.S.C. Sec. 3205(b)(1)(B). In the context of restitution, this court has held that " 'due process is satisfied by affording the defendant an adequate opportunity to present his objections.' " United States v. Smith, 944 F.2d 618, 622 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992) (quoting United States v. Keith, 754 F.2d 1388, 1392 (9th Cir.), cert. denied, 474 U.S. 829 (1985)). Here, Grimes had such an opportunity. The district court did not order that the writ should issue until December 8, 1992, after Grimes had challenged the writ before a magistrate, pursuant to a Request For Hearing filed by Grimes on September 8, 1992.
 
 B
 
 9
 The United States Code suggests that restitution, where ordered, shall be presumed to be valid immediately. 18 U.S.C. Sec. 3663(f)(3). This court has held that "a restitution order is enforceable as a lien upon all of the defendant's property at the time judgment is entered." United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993) (emphasis original). In the present case the district court issued the sentence and granted the writ of garnishment on the same day, thereby implying that the sentence and the writ were not incompatible. If further confirmation were wanted, the district court provided it on December 8, 1992, when the court ordered that the writ should issue and specifically found that "there is no reason to delay the execution of the writ until the time of supervised release." The court might have deferred restitution to the time of Grimes's release, but was not obligated to do so.
 
 C
 
 10
 As Grimes now apparently concedes, garnishment is a civil proceeding. "There is normally ... no constitutional right to counsel in a civil case." United States v. 30.64 Acres of Land in Klickitat County, 795 F.2d 796, 801 (9th Cir.1986).
 
 
 11
 Garnishment is a statutory creation. The right to a jury trial depends upon the provisions of the specific garnishment statute in question. 38 Corpus Juris Secundum Sec. 236, at 484 (1943). Here, the writ of garnishment made explicit reference to the federal garnishment statute, 28 U.S.C. Sec. 3205. Code section 3205 contains no mention of right to a jury trial. Grimes therefore had no right to a jury trial in the instant garnishment action.
 
 D
 
 12
 Under 18 U.S.C. Sec. 3664, a court need not "make findings of fact concerning [the defendant's] financial condition before imposing restitution." United States v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.), cert. denied, 493 U.S. 895 (1989). Rather, as a rule, "the record must ... reflect that the district judge had at his disposal information bearing on the considerations enumerated in section 3664." Id. at 811.
 
 
 13
 The district court's order of December 8, 1992 implicitly assessed the burden of restitution on Grimes. The court observed that Grimes owed $8,298 and that he had over $20,000 in his bank account. Grimes's ability to pay was obvious. The district court's analysis therefore met the standards of 18 U.S.C. Sec. 3664.
 
 E
 
 14
 Grimes complains that the district court erred in failing to consider that the victim banks might have been compensated by insurers. 18 U.S.C. Sec. 3663(e)(1). However, even if the present case were remanded, Grimes himself would gain nothing: "The court shall not impose restitution with respect to a loss for which the victim has received or is to receive compensation, except that the court may, in the interest of justice, order restitution to any person who has compensated the victim for such loss to the extent that such person paid the compensation." Id. (emphasis added). This court declines to remand on behalf of insurers who are well equipped to protect their interests.
 
 
 15
 We AFFIRM the rulings of the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3