29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John M. HUMMASTI, Defendant-Appellant.
 No. 93-30199.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1994.*
Decided July 20, 1994.
 
 1
 Before: TANG and WIGGINS, Circuit Judges, and HENDERSON,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 John M. Hummasti appeals his resentencing for attempted bank robbery, and claims that he was denied his right to make full allocution on relevant mitigating factors at the resentencing hearing. The court imposed a sentence of 105 months, the high end of the applicable guideline range.
 
 
 4
 "As long as the defendant has an opportunity to make a statement during the sentencing hearing, before the court makes its final judgment, Rule 32(a)(1)(C) is satisfied." United States v. Lavern, 963 F.2d 235, 237 (9th Cir.1992). The right of allocution, however, is not unlimited. United States v. Kellogg, 955 F.2d 1244, 1250 (9th Cir.1992). If a defendant's statement is irrelevant to the issue of mitigation of the sentence, under Rule 32(a)(1)(C), or cumulative in view of statements by his or her counsel at sentencing, the denial of the right to speak to the court may be found to be harmless error. See Boardman v. Estelle, 957 F.2d 1523, 1530 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 297 (1992).
 
 
 5
 Hummasti charges that the court at resentencing improperly limited his right to speak before sentencing. Although he raises a number of specific challenges,[1] he emphasizes the court's refusal to allow him to address corrections of the presentence report.
 
 
 6
 Prior to imposing sentence, the court entertained oral argument from counsel regarding Hummasti's sentence and his presentence motions. A motion to correct the presentence report had been filed. His principal contentions related to the constitutionality of his prior convictions. The Government acknowledged Hummasti's right to challenge prior convictions that were to be used to enhance his sentence, but argued that Hummasti had failed his burden to prove the convictions invalid. The court denied Hummasti's motion and continued with the proceeding. Hummasti refused to address mitigation factors as to his sentence, except to state that he challenged portions of the presentence report. The court ultimately cut Hummasti off and imposed sentence, allowing him to file supplemental filings after the proceeding. Hummasti filed a supplemental motion and memorandum concerning alleged errors in the presentence report immediately after the hearing. The court later overruled and denied the motion.
 
 
 7
 It would have been better if the sentencing court had considered Hummasti's supplemental motion and memorandum prior to imposing the sentence. While they include a hodgepodge of irrelevant material, they state various claims and details with respect to his prior convictions.[2] They do not establish, however, that any prior conviction is constitutionally invalid. See United States v. Newman, 912 F.2d 1119, 1121-22 (9th Cir.1990). They are recitations of vague allegations and conjecture. Furthermore, Hummasti fails to add anything substantial evidencing that he could have sustained his burden.
 
 
 8
 Assuming that Hummasti's right to allocution was violated, it was harmless error.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Thelton E. Henderson, Chief District Judge, for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hummasti raises a number of other contentions in his pro se supplemental brief: alleged jurisdictional errors, the unconstitutionality of prior convictions, and the sentencing court's abuse of discretion with respect to rulings on presentence motions. Most of his contentions were raised in his first sentencing hearing, when he devoted much of his opportunity to address the court to a lengthy diatribe objecting to the proceedings with a myriad of religious and biblical references. The validity of Hummasti's prior convictions was considered in his first appeal to this Circuit, as were numerous other issues including his jurisdictional claims. United States v. Hummasti, 986 F.2d 337, 338-39 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 2984 (1993). Hummasti raised, again, many of these same contentions in his presentence motions for resentencing. The court considered and addressed these contentions prior to resentencing
 
 
 [2]
 These claims were raised in Hummasti's first appeal