34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Rex ROCHELLE, Defendant-Appellant.
 No. 93-30357.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Rex Rochelle appeals his 27-month sentence, imposed following entry of guilty pleas to wire fraud in violation of 18 U.S.C. Sec. 1343, manufacturing armor-piercing ammunition in violation of 18 U.S.C. Sec. 922(a)(7), and being an ex-felon in possession of two firearms in violation of 18 U.S.C. Sec. 922(g).
 
 
 3
 Rochelle contends the district court erred by (1) treating two prior convictions as unrelated for the purpose of calculating his criminal history score, and (2) treating as relevant conduct at least two firearms which were not included in the counts of conviction and to which he did not stipulate when the court calculated the specific offense characteristics for the firearms count. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part, and vacate and remand for resentencing in part.
 
 
 4
 We review de novo whether the sentence " 'was imposed as a result of an incorrect application of the sentencing guidelines.' " United States v. Turner, 898 F.2d 705, 708 (9th Cir.) (quoting 18 U.S.C. Sec. 3742(e)), cert. denied, 495 U.S. 962 (1990). The district court's findings of fact are reviewed for clear error. Id.
 
 
 5
 * Related Offenses
 
 
 6
 Rochelle contends the district court erred by treating two prior federal convictions for fraud as unrelated for the purposes of U.S.S.G. Sec. 4A1.2(a)(2), where the offenses were consolidated for sentencing and he was arrested only once for both fraud charges. The government counters that a state arrest for carrying a concealed weapon was an "intervening arrest." We conclude that the district court erred by treating the two fraud offenses as unrelated.
 
 
 7
 When determining a defendant's criminal history score, " '[p]rior sentences imposed in related cases are to be treated as one sentence.' " United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992) (per curiam) (quoting U.S.S.G. Sec. 4A1.2(a)(2)). Prior sentences are considered related if they were consolidated for sentencing, so long as there was no intervening arrest. Id. (citing U.S.S.G. Sec. 4A1.2, comment. (n. 3) and noting that "[w]e must apply the Application Notes unless they are inconsistent with the text of the Guidelines; no such inconsistency is present in this section" (citation omitted)); see also United States v. Gallegos-Gonzalez, 3 F.3d 325, 328 (9th Cir.1993) (sentences separated by an intervening arrest are never related).
 
 
 8
 We have not previously had occasion to define the term "intervening arrest" for the purpose of applying Application Note 3 to section 4A1.2. The government contends that an "intervening arrest" may be one for conduct wholly unrelated to the convictions which the defendant seeks to treat as related, so long as the defendant was under investigation for the conduct leading to one of those convictions at the time of the unrelated arrest. However, the government's contention that "the technical basis for the arrest is unimportant" is untenable in light of the plain language of the Commentary to section 4A1.2.
 
 
 9
 Application Note 3 states that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. Sec. 4A1.2, comment. (n. 3). This language clearly indicates not only that the "intervening arrest" must follow the first and precede the second of any two offenses which would otherwise be treated as related, but also that the arrest must be for the first of those related offenses. See id.; cf. Gallegos-Gonzalez, 3 F.3d at 328 ("The intervening arrest language was added 'to provide that cases separated by an intervening arrest for one of the offenses are not treated as related cases.' " (quoting U.S.S.G. App. C (n. 382))).
 
 
 10
 Rochelle was arrested in Michigan on January 17, 1981, for carrying a concealed weapon, a state offense. At the time of that arrest, he was under investigation for the federal fraud offense, but apparently no indictment for fraud had yet been returned. It was after Rochelle left Michigan and arrived in Arizona that he was first arrested on federal fraud charges. At this point, federal authorities in Michigan transferred the outstanding Michigan federal fraud charges to Arizona for prosecution. Because there was only one arrest, that of November 11, 1981, in Arizona, for the two federal fraud convictions which Rochelle sought to have treated as related under section 4A1.2(a)(2), there was no "intervening arrest" punctuating these two offenses.[1] See U.S.S.G. Sec. 4A1.2, comment. (n. 3); cf. Gallegos-Gonzalez, 3 F.3d at 328.
 
 
 11
 In the alternative, the government argues that even if the two convictions were not separated by an intervening arrest, they were unrelated because they were not "consolidated for sentencing." This contention is also without merit.
 
 
 12
 We have previously found that offenses were consolidated for sentencing where some or all of the following factors were present: (1) the defendant was sentenced for both offenses by the same judge; (2) in a single proceeding on the same day; (3) to concurrent terms of imprisonment; and (4) there was an order from one court transferring one of the offenses to the second court for sentencing. United States v. Chapnick, 963 F.2d 224, 228-29 (9th Cir.1992) (all factors present); see also United States v. Smith, 991 F.2d 1468, 1469, 1473 (9th Cir.1993) (offenses consolidated for sentencing even though consecutive rather than concurrent terms of imprisonment were imposed); United States v. Hummasti, 986 F.2d 337, 339 (9th Cir.) (to find two offenses were consolidated for sentencing, it is enough that the defendant was sentenced to concurrent terms by the same court in one proceeding), cert. denied, 113 S.Ct. 2984 (1993); Bachiero, 969 F.2d at 734 (offenses consolidated even in the absence of a transfer order).
 
 
 13
 All of these factors are present here. Rochelle was sentenced to concurrent terms of five years each for the two fraud offenses by Judge Cardova of the District of Arizona in a single proceeding on July 6, 1982. Cf. Chapnick, 963 F.2d at 228. There was an order transferring one of the two offenses from Michigan to Arizona for prosecution. Cf. id. In addition, each sentencing order expressly referenced the other. That there was no consolidation order, the cases retained separate docket numbers, and the court issued individual sentencing orders is simply immaterial. See Hummasti, 986 F.2d at 339; Chapnick, 963 F.2d at 228-29. Because all of these factors were present, the cases were "consolidated for sentencing." See U.S.S.G. Sec. 4A1.2(a)(2) & comment. (n. 3); Hummasti, 986 F.2d at 339; Chapnick, 963 F.2d at 228-29.
 
 
 14
 The government contends, however, that because the district court requested a psychiatric evaluation and on November 8, 1982, entered an order reducing the sentence in case number 82-109, Rochelle was "sentenced" on July 6, 1982, only for the conviction in case number 82-068. See 18 U.S.C. Sec. 4205(c) (repealed); Corey v. United States, 375 U.S. 169, 173-74 (1963) (discussing 18 U.S.C. Sec. 4208(b), (c), the predecessor to 18 U.S.C. Sec. 4205(c), (d)); Thomas v. Brewer, 923 F.2d 1361, 1363-66 (9th Cir.1991) (same). This contention is meritless as well.
 
 
 15
 Pursuant to section 4205(c), a judge may sentence the defendant to the maximum term of imprisonment pending the receipt of the evaluation, at which time the court may modify or affirm the sentence. 18 U.S.C. Sec. 4205(c), (d). The sentence runs from the original date of commitment, id., and is a final, immediately appealable order, Corey, 375 U.S. at 173. " 'Final judgment in a criminal case ... means sentence. The sentence is the judgment.' " Corey, 375 U.S. at 174 (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). If a "criminal judgment" is final and appealable, then under the above definition it is necessarily a "sentence." See Thomas, 923 F.2d at 1364-65 (the defendant's "federal sentence" was entered prior to the study, and merely "affirmed" following the study). Thus, under section 4205, the sentence for both of Rochelle's prior fraud offenses was pronounced on July 6, 1982. The offenses were therefore consolidated for sentencing, and the district court erred by treating them as unrelated when calculating Rochelle's criminal history score.[2] See U.S.S.G. Sec. 4A1.2(a)(2) & comment. (n. 3); Corey, 375 U.S. at 173-74; Bachiero, 969 F.2d at 734; Chapnick, 963 F.2d at 228-29; Thomas, 923 F.2d at 1363-66.
 
 II
 Relevant Conduct
 
 16
 Rochelle contends that the district court erred when determining his offense level under U.S.S.G. Sec. 2K2.1 by considering two firearms not included in the counts of conviction or his stipulation. He also argues that even if these additional firearms are properly part of the offense level calculus, the government failed to prove that he ever received them. These arguments are unavailing.
 
 
 17
 Sentencing for Rochelle's firearms conviction is controlled by section 2K2.1. Section 3D1.2(d) provides that offenses under section 2K2.1 must be grouped. U.S.S.G. Sec. 3D1.2(d). Where, as here, a case involves groupable offenses and no departure, the conduct charged in dismissed counts may be counted as relevant conduct when establishing a defendant's offense level within the applicable guideline. See United States v. Fine, 975 F.2d 596, 600 (9th Cir.1992) (en banc) (discussing U.S.S.G. Sec. 2F1.1); see also United States v. Smith, 991 F.2d 1468, 1472 (9th Cir.1993). Section 2K2.1, just like section 2F1.1, has a specific offense characteristic which adjusts the base offense level dependent upon a numerical scheme, i.e., the higher the quantity, the greater the offense level. We therefore discern no reason why the rule announced in Fine is not applicable to the instant offense calculation, and conclude that the district court did not err by considering the firearms in the dismissed counts as "relevant conduct" for the purposes of determining the offense level. See Fine, 975 F.2d at 599-600.
 
 
 18
 Rochelle's argument regarding actual receipt of the weapons in question is also meritless. Application Note 9 to section 2K2.1 provides that when calculating the number of firearms under section 2K2.1(b)(1), the court is to take into account all "firearms that were unlawfully sought to be obtained" as well as those actually obtained by the offender. U.S.S.G. Sec. 2K2.1, comment. (n. 9). Here, the counts of conviction referenced two weapons, and Rochelle stipulated to possession of a third. The evidence was sufficient to prove by a preponderance that Rochelle "sought" to obtain at least two additional firearms in the course of his scheme, and defense counsel conceded as much. Actual receipt was not required. Id. Therefore, the two-point enhancement for five to seven firearms was properly applied. U.S.S.G. Secs. 1B1.3(a)(2) & comment. (n. 3), 2K2.1(b)(1)(B) & comment. (n. 9), 3D1.2(d); see Fine, 975 F.2d at 599-600; United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990); cf. United States v. Wills, 881 F.2d 823, 827 (9th Cir.1989) (in general, it is the Sentencing Commission's policy to include attempts in determining the offense level).
 
 
 19
 We AFFIRM in part, and VACATE AND REMAND in part for resentencing in accordance with this memorandum disposition.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Rochelle's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The presentence report (PSR) prepared for the instant case states that the January 17, 1981 Michigan arrest was for the federal fraud charges originating in Michigan. The government now appears to concede that this arrest was for carrying a concealed weapon, not for fraud as stated in the PSR. There is no evidence in the record that Rochelle was ever arrested in Michigan for the fraud offense at issue here, and the district court clearly erred by accepting the PSR as accurate on this issue. See United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991)
 
 
 [2]
 Because we conclude that the two fraud offenses were consolidated for sentencing, we need not address Rochelle's alternative argument that the crimes were part of a common scheme or plan