**UNITED STATES of America**

v.

**Tony Carlis BURNETT, Movant.**

Nos. CR 6:97–952–1, Civ.
A. 6:99–1073–20.

United States District Court,
D. South Carolina,
Greenville Division.

June 15, 1999.

U.S., pro se.

Trey Gowdy, Asst. U.S. Atty., Greenville, SC, for defendant.

## ORDER

HERLONG, District Judge.

This matter is before the court on the motion of Tony Carlis Burnett ("Burnett") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court denies Burnett's request.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Burnett was involved in a conspiracy to distribute marijuana from May 1995 through December 1996. On January 6,

1998, Burnett pled guilty to possession with intent to distribute and distribution of marijuana, in violation of 21 U.S.C. § 841. This court sentenced Burnett to seventy-two months imprisonment. Burnett did not appeal. Burnett filed the instant motion on April 14, 1999. In his motion, Burnett argues that he was denied effective assistance of counsel at sentencing and that he is entitled to an evidentiary hearing.

## II. LEGAL DISCUSSION

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Burnett must first show that his attorney's conduct fell below objective standards of reasonableness. *See Strickland v. Washington,* 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, he must show that there is a reasonable probability that but for counsel's ineffectiveness, the result of the proceeding would have been different. *See id.* at 687, 104 S.Ct. 2052. The United States Court of Appeals for the Fourth Circuit defines effective assistance of counsel as that which is "within the range of competence demanded of attorneys in criminal cases." *Marzullo v. Maryland,* 561 F.2d 540, 543 (4th Cir.1977). Burnett argues that he was denied effective assistance of counsel because his attorney: (1) failed to move for suppression of testimony and evidence from informants who were co-defendants; (2) failed to object to criminal history points unauthorized by the sentencing guidelines; and (3) failed to object to the amount of marijuana that was attributed to Burnett. Burnett's claims are without merit.

### 1. Failure to move for suppression of testimony

■ With respect to the first ground, Burnett alleges that the United States Attorney's Office violated the bribery statute, 18 U.S.C. § 201(c)(2) (forbidding "whoever" from offering anything of value in exchange for a witness's testimony), by inducing testimony from Burnett's co-conspirators via promises not to prosecute.

Such promises, however, do not fall under the statute. In an unpublished Fourth Circuit decision, the Fourth Circuit stated: "Last year, a panel of the Tenth Circuit became the only court to adopt the argument made by [Burnett]. The panel decision has since been vacated by the *en banc* court. Significantly, this circuit has never followed the original *Singleton* panel decision, and we will not do so today." *See United States v. Jenkins,* 1999 WL 285910 (4th Cir. May 7, 1999) (unpublished decision) (citing *United States v. Singleton,* 144 F.3d 1343 (10th Cir.1998), *rev'd en banc,* 165 F.3d 1297 (10th Cir.1999)). Similarly, this court is not willing to follow the vacated *Singleton* opinion.

Moreover, the United States District Court for the Eastern District of Virginia has advanced the convincing argument that "whoever" in the bribery statute does not apply to the United States government because of "a canon of statutory construction where a statute does not apply to the government or affect governmental rights unless the text of the statute expressly includes the government." *United States v. Reid,* 19 F.Supp.2d 534, 536 (E.D.Va. 1998) (citing *Nardone v. United States,* 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314 (1937)). The *Nardone* Court stated that the canon is applied in two situations: (1) "where an act, if not so limited, would deprive the sovereign of a recognized or established prerogative title or interest"; and (2) "where a reading which would include such [government] officers would work obvious absurdity." *Nardone,* 302 U.S. at 383, 384, 58 S.Ct. 275. Both situations apply to the instant case.

"As the Fifth Circuit has stated, '[n]o practice is more ingrained in our criminal justice system than the practice of the government calling a witness who is an accessory to the crime for which the defendant is charged and having that witness testify under a plea bargain that promises a reduced sentence.'" *Reid,* 19 F.Supp.2d at 537 (quoting *United States v. Cervantes–Pacheco,* 826 F.2d 310, 315 (5th

Cir.1987)). Consequently, reading the bribery statute to apply to government attorneys would both deprive the government of an established interest and work an obvious absurdity. *See id.* at 537–38 & n. 4. Accordingly, the statute is inapplicable to the United States Attorneys Office, and Burnett cannot demonstrate his counsel was constitutionally deficient for failing to raise this issue.

## 2. Failure to object to criminal history points

### a. U.S.S.G. § 4A1.2(a)(2)—Related Prior Offenses

Burnett argues that his attorney should have objected to the court not treating the offenses listed under paragraph 27 of the presentence report ("paragraph 27 offenses") as related to the offenses listed under paragraph 28 of the presentence report ("paragraph 28 offenses"). When offenses are related, they do not count separately towards calculating criminal history points. *See* U.S.S.G. § 4A1.2(a)(2). The paragraph 27 offenses are (1) failure to stop for a police vehicle; (2) driving under suspension; and (3) driving under the influence. The paragraph 28 offenses are (1) carrying a concealed weapon; (2) unlawful possession of marijuana; and (3) assaulting a police officer.

■ "The failure of counsel to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel." *United States v. Breckenridge,* 93 F.3d 132, 136 (4th Cir.1996). It follows that there can be no ineffective assistance without an improper application of the guidelines. Application note 3 to U.S.S.G. § 4A1.2 provides that "prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." Because the guidelines were properly applied, Burnett's claim must fail.

### i. "Same Occasion"

The three-part test of note 3 is only applicable if there is no intervening arrest between the two prior offenses. *See id.* The presentence report lists the arrest date of the paragraph 28 offenses as December 16, 1984, and the arrest date of the paragraph 27 offenses as December 15, 1984. Thus, there appears to be an intervening arrest. Burnett asserts, however, that the arrest dates for both offenses was December 15, 1984, and that they therefore occurred on the same occasion without an intervening arrest. The court agrees with Burnett that both the paragraphs 27 and 28 offenses occurred on December 15, 1984. Assuming that there was no intervening arrest, the guidelines nevertheless were applied correctly and Burnett cannot prevail.

■ No circuit has clearly defined the term "same occasion" as used in note 3. Webster defines "occasion" as "a time at which something happens." *Merriam–Webster's Collegiate Dictionary* 803 (10th Ed.). Thus, the plain meaning of "same occasion" is "happening at the same time." This plain meaning has been applied by other circuits. The Tenth Circuit has held that two prior offenses did not occur on a "single occasion" under note 3 when the conduct of one offense "began and ended" before the other. *United States v. Coleman,* 947 F.2d 1424, 1429 (10th Cir.1991). Similarly, the Ninth Circuit has stated in an unpublished opinion that two offenses did not occur on the "same occasion" when "[t]hey were committed at different times." *United States v. Huffhines,* 1 F.3d 1247, 1993 WL 299412, at *2 (9th Cir. Aug.3, 1993) (unpublished table decision).

■ Applying the plain meaning of "same occasion," it is clear that Burnett carried a concealed weapon and possessed a firearm at the same time as he committed the driving offenses. He assaulted the officer, however, *after* he committed the driving offenses. The conduct of the driving offenses had begun and ended before

he assaulted the officer. Thus, even if the three driving offenses, the concealed weapon offense, and the marijuana offense occurred on the same occasion, the assault on the police officer occurred on a separate occasion and was properly counted separately.

Supporting this conclusion is an analogous interpretation by the Fourth Circuit of 18 U.S.C. § 924(e). Section 924(e) imposes a minimum fifteen-year sentence upon a defendant convicted of a weapons offense under section 922(g) if the defendant "has three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed *on occasions different from one another.*" *Id.* (emphasis added).[1] The Fourth Circuit, like every other circuit, has held that "[c]onvictions will be considered as having occurred on occasions different from one another under [section 924(e)] if each 'arose out of a separate and distinct criminal episode.'" *United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir.1998) (quoting *United States v. Letterlough*, 63 F.3d 332, 334 (4th Cir.1995)). This test is met if each offense "can be isolated with a beginning and an end." *Letterlough*, 63 F.3d at 334. Considerations in making this determination include "(i) whether the offenses occurred in different geographic locations; (ii) whether the offenses were substantively different; and (iii) 'whether the offenses involved multiple victims or multiple criminal objectives.'" *Hobbs*, 136 F.3d at 388 (quoting *Letterlough*, 63 F.3d at 336). In addition, "if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." *Letterlough*, 63 F.3d at 336.

In the instant case there are no common victims or criminal objectives. The common geographic location is incidental. The

offenses, however, are substantively different to a great degree, and so this factor is dispositive. It demonstrates that the paragraph 27 offenses can be isolated with a beginning and an end from the paragraph 28 offenses. Thus, the offenses did not occur on the "same occasion."

### ii. "Single Common Scheme or Plan"

■■■ The second test for relatedness under note 3 to section 4A1.2 is that the offenses were part of a "single common scheme or plan." U.S.S.G. § 4A1.2 n. 3. Factors demonstrating that crimes are a part of a single common scheme or plan are "whether the crimes were committed within a short period of time, in close geographic proximity, involved the same substantive offense, were directed at a common victim, were solved during the course of a single criminal investigation, shared a similar *modus operandi*, were animated by the same motive, and were tried and sentenced separately only because of an accident of geography." *Breckenridge*, 93 F.3d at 138. These factors do not apply to the instant case. The paragraphs 27 and 28 offenses are substantively different, did not involve a common victim, were not the subject of a single criminal investigation, did not share a similar *modus operandi*, and were not animated by the same motive. Although Burnett carried a concealed weapon and possessed marijuana at the same time and location as the paragraph 27 offenses, these crimes are fully distinct. Moreover, the assault against the police officer occurred subsequent to the paragraph 27 offenses. Therefore, these crimes are not part of a common scheme or plan.

### iii. "Consolidated for ... Sentencing"

■■■ The third test for relatedness under note 3 to section 4A1.2 is that the

---

1. The court recognizes that the Fourth Circuit has not held that the test for "occurred on the same occasion" is the same as "occasions different from one another." Specifically, the Fourth Circuit has stated that whether these phrases "should be given the same interpreta-

tion is a question neither presented nor reached here." *Hobbs*, 136 F.3d at 388. It is a question reached in the instant case, however, and the court finds it appropriate to apply the same interpretation to both phrases.

offenses were "consolidated for ... sentencing." *Id.* Informal consolidation for sentencing, however, does not render two prior offenses as related under section 4A1.2. There must be either a factual relationship between the two offenses or a formal consolidation order. *See United States v. Allen,* 50 F.3d 294, 297 (4th Cir. 1995). The paragraphs 27 and 28 offenses are not factually related. The paragraph 27 offenses related to driving. The paragraph 28 offenses of carrying a concealed weapon, possessing marijuana, and assaulting a police officer have no relation to driving. The only relationship between the paragraphs 27 and 28 offenses is that they occurred on the same day. Because they are not factually related, Burnett must show evidence of a formal consolidation order. *See United States v. Alberty,* 40 F.3d 1132, 1134 (10th Cir.1994) (stating that defendant bears burden of demonstrating the existence of some formal consolidation order in order to support his claim that offenses were related). Because there is no evidence of a formal order, the offenses cannot be considered related under the third test of note 3. Because all three tests under note 3 are not met, the paragraphs 27 and 28 offenses are not "related" under section 4A1.2.

### b. U.S.S.G. § 4A1.2(e)(2)—Applicable Time Period

■ Burnett also argues that his counsel was constitutionally ineffective for failing to object to the paragraphs 27 and 28 offenses being considered at all. Sentencing guideline section 4A1.2(e)(2) precludes certain prior sentences from being counted that were not "imposed within ten years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(2). Burnett contends that this provision precludes from consideration his prior offenses that were committed on December 15, 1984, because they occurred ten years before he became involved in the conspiracy in May 1995. Burnett fails to recognize, however, that the relevant date for the prior offenses is not when they oc-

curred, but when their sentences were "imposed." *Id.* The sentences for the paragraphs 27 and 28 convictions were imposed on June 25, 1985. They therefore occurred nine years and eleven months prior to Burnett's involvement with the conspiracy and thus fall within the ten-year ambit of the guideline.

### c. Prior Sentence—No Imprisonment

Burnett also argues that imprisonment was never imposed under the paragraph 30 offense of distribution of marijuana and that he only received a $3000 fine. Guideline section 4A1.1(c), however, adds one point for each sentence not counted in 4A1.1(a) or (b). Subsections (a) and (b) involve "sentence[s] of imprisonment." U.S.S.G. § 4A1.1(a), (b). Thus, subsection (c) captures sentences that do not involve imprisonment, such as the $3000 fine. In short, the court applied the correct guideline.

Burnett points to note 4 to section 4A1.1, which provides that "a sentence to pay a fine, by itself, would not be included." U.S.S.G. § 4A1.1 note 4. Note 4, however, applies to imposing points under section 4A1.1(d). The point imposed for the paragraph 30 offense was imposed under section 4A1.1(c). *See* (Presentence Investigation Report at 8.) Thus, Burnett's argument is misguided.

### d. Driving Under Suspension

Finally, Burnett argues that he should not have received two points for driving under suspension because guideline section 4A1.2(c) excludes this offense, unless "the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days." U.S.S.G. § 4A1.2(c). Burnett argues that his one-year imprisonment term was suspended to six months and therefore should not have counted. Burnett neglects to point out, however, that the sentence was suspended to six months probation *and to ninety days imprisonment.* Because ninety days

is "at least thirty days," the sentence was properly counted. *Id.*

### e. Conclusion

Because there was no misapplication of the guidelines—either in determining that the prior offenses were related, that they occurred within the applicable ten-year period, that a point could be added when the sentence was a $3000 fine, or that the driving under suspension sentence was properly counted—Burnett's counsel was not constitutionally ineffective in failing to object.

### 3. Failure to object to amount of marijuana

Burnett also claims that his counsel was ineffective for failing to object to the amount of marijuana attributed to him. His argument is belied by the sentencing recommendation, in which counsel objected to the amount of marijuana. *See* (Sentencing Rec. at 3.) Because counsel objected, Burnett cannot claim that counsel failed to object. Accordingly, there was no ineffective assistance of counsel.

### III. Conclusion

Burnett's counsel was not constitutionally ineffective. Accordingly, it is

**ORDERED** that Burnett's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is dismissed.

**IT IS SO ORDERED.**

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.